No. 02-497

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 56

BELL & MARRA, pllc,

        Plaintiff and Appellant,

   v.

GORDON SULLIVAN,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and For the County of Cascade, Cause No. BDV-98-308,
                     Honorable Wm. Nels Swandal, Presiding

COUNSEL OF RECORD:

        For Appellant:

                Kirk D. Evenson, Marra, Wenz & Johnson, Great Falls, Montana

        For Respondent:

                Jeff R. Lynch, Attorney at Law, Billings, Montana

Submitted on Briefs:  December 27, 2002

Decided:  March 27, 2003

Filed:

_____
                   Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Appellant, Bell & Marra, pllc, a law firm, appeals the District Court's order of November 2001, which was certified to this Court pursuant to Rule 54(b), M.R.Civ.P. We reverse the District Court's order certifying the November 2001 order as a final judgment; therefore, we decline to address the merits of Bell & Marra's appeal.

¶2     The dispositive issue is: Whether the District Court erred in certifying the November 2001 order pursuant to Rule 54(b), M.R.Civ.P.?

FACTUAL AND PROCEDURAL BACKGROUND

¶3     This is the fourth time that this case, in some form or fashion, has been before this Court; therefore, the following factual background relates primarily to the Rule 54(b) certification of the November 2001 order. The following facts also provide a framework with which to understand the heart of this procedural tennis match. A more detailed statement of the factual background can be found in *Bell & Marra, pllc v. Sullivan*, 2000 MT 206, 300 Mont. 530, 6 P.3d 965 (*Bell & Marra I*).

¶4     In 1990, Sullivan retained the services of Bell & Marra to represent him in his claims for wrongful discharge and discrimination against his former employer. In 1997, while litigation of the claims was ongoing, Bell & Marra demanded that Sullivan enter into a new retainer agreement that would entitle the law firm to a larger percentage of Sullivan's recovery. The firm threatened to withdraw from the case if Sullivan did not sign the new retainer agreement. Instead of signing, Sullivan retained a new attorney. In 1998, Bell & Marra filed suit against Sullivan for its attorney fees and costs that it had incurred prior to

2

its withdrawal. In response, Sullivan filed a counterclaim against Bell & Marra alleging breach of contract, conversion, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. The District Court awarded summary judgment and *quantum meruit* fees to Bell & Marra and dismissed Sullivan's counterclaims. Sullivan appealed the District Court's grant of summary judgment; however, he did not explicitly appeal the dismissal of his counterclaims. We reversed the District Court's award of partial summary judgment and remanded the matter to the District Court for entry of an order awarding summary judgment in favor of Sullivan. We held that Bell & Marra had forfeited recovery of compensation for the services it had performed for Sullivan because it had voluntarily withdrawn from a contingent fee case without good cause. *See Bell & Marra I*, ¶¶ 38, 39. Our opinion did not specifically address the dismissal of Sullivan's counterclaims.

¶5      Following our decision, Sullivan undertook to litigate the counterclaims contained in his response to Bell & Marra's initial complaint. Bell & Marra claimed that Sullivan was procedurally barred from pursuing his counterclaims because he had failed to appeal their dismissal by the District Court. Bell & Marra then served on Sullivan a notice of entry of judgment. Sullivan consequently filed a notice of appeal with this Court maintaining that the District Court's order, which Bell & Marra contended was final, was in fact not a final order because it did not resolve Sullivan's counterclaims. In dismissing the appeal without prejudice, this Court reasoned that "[a]ssuming, because it has not been denied, that Sullivan's counterclaims are still pending in the district court, then the district court's orders resolving some but not all issues pending before it are interlocutory . . . ." Following our

3

dismissal, the District Court held a hearing on the viability of the counterclaims. The District Court then issued an order in November 2001, ruling that Sullivan's counterclaims were viable. The District Court based the order on its conclusion that our reversal in *Bell & Marra I* was *in toto*.

¶6 Consequently, Bell & Marra filed a motion requesting that the District Court certify the November 2001 order pursuant to Rule 54(b). In support of its motion, Bell & Marra reasoned that certification of the order to this Court would "allow the Supreme Court to clarify what [its] original order meant and save the trial court and parties the time and effort of misreading that decision and going through a trial process which is ultimately ruled unnecessary on subsequent appeal." The District Court granted the motion and certified the order to this Court. Bell & Marra appeals the November 2001 order and its conclusion that Sullivan's counterclaims are viable.

## STANDARD OF REVIEW

¶7 While it is within the discretion of the district court to grant or deny a request for a Rule 54(b) certification, "the decision allowing an appeal to proceed in such a situation should not be entered lightly." *Roy v. Neibauer* (1980), 188 Mont. 81, 85, 610 P.2d 1185, 1188. We review discretionary rulings to determine if the district court abused its discretion. *See Montana Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125. Our standard of review of a court's conclusions of law is whether its interpretation of the law is correct. *See Bar OK Ranch, Co. v. Ehlert*, 2002 MT 12, ¶ 31, 308 Mont. 140, ¶ 31, 40 P.3d 378, ¶ 31.

DISCUSSION

¶8 If a district court abuses its discretion in certifying an order as final under Rule 54(b), this Court is without jurisdiction to entertain the appeal. *See Weinstein v. University of Montana at Missoula* (1995), 271 Mont. 435, 440, 898 P.2d 101, 104. Therefore, the threshold question is whether the District Court erred in certifying its November 2001 order as final. If we determine that an order was either certified in error or not certified at all, our general practice is to dismiss the appeal without prejudice. *See Trombley v. Mann*, 2001 MT 154, ¶ 11, 306 Mont. 80, ¶ 11, 30 P.3d 355, ¶ 11; *Weinstein*, 271 Mont. at 443, 898 P.2d at 106; *Roy*, 188 Mont. at 88, 610 P.2d at 1189.

¶9 Rule 54(b), M.R.Civ.P., states:

> When <u>multiple claims</u> for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added.]

¶10 In *Roy,* we listed several factors for a district court to consider in cases where parties seek Rule 54(b) certification. Depending on the particular case, some or all of the factors may bear upon the propriety of the order granting Rule 54(b) certification. We must apply those factors to determine whether the District Court abused its discretion. The factors listed in *Roy* are:

1. The relationship between the adjudicated and unadjudicated claims; 2. the possibility that the need for review might or might not be mooted by future developments in the district court; 3. the possibility that the reviewing court might be obliged to consider the same issue a second time; 4. the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; 5. miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of competing claims, expense, and the like.

*Roy,* 188 Mont at 87, 610 P.2d at 1189. In *Roy,* we also listed three guiding principles for a Rule 54(b) certification:

(1) the burden is on the party seeking final certification to convince the district court that the case is the "infrequent harsh case" meriting a favorable exercise of discretion; (2) the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final; (3) the district court must marshall and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated.

*Roy*, 188 Mont. at 87, 610 P.2d at 1189.

¶11    First, the District Court considered that miscellaneous factors, such as shortening the time of trial, or negating the need for trial altogether, weighed in favor of certification. The District Court also stated that "[f]uture developments in the District Court would not moot the necessity of review of the issues presented to the Supreme Court herein." The District Court also remarked that this case represented an "infrequent harsh case" under *Roy*.

¶12    Although some of the *Roy* factors seemingly weigh in favor of certification, Rule 54(b) applies only "[w]hen multiple claims for relief or multiple parties are involved in an action . . . ." In the instant case, however, neither multiple claims nor multiple parties exist. In *Weinstein*, this Court concluded the opinion with considerations for Rule 54(b) analysis,

6

one being that "[s]everal theories based on the same set of facts are considered as a single claim for purposes of Rule 54(b) analysis." *Weinstein*, 271 Mont. at 443, 898 P.2d at 106. Here, all of Sullivan's counterclaims are based on the facts surrounding Bell & Marra's withdrawal of representation; therefore, for purposes of Rule 54(b), his counterclaims are considered one claim.

¶13    Even if multiple claims were present, Rule 54(b) provides that a "court may direct the entry of a final judgment as to one or more <u>but fewer than all of the claims</u>." (Emphasis added.) The District Court, in its final "Order Certifying Appeal Pursuant to Rule 54," stated that the certification was for "some of the claims, but not all." However, later in the order, the District Court noted that "[t]he relationship between the adjudicated and unadjudicated claims is such that Sullivan has no pending claims before the District Court . . . ." On its face, it is clear that the certified order did not substantively adjudicate any of Sullivan's claims; rather it determined that the claims were viable. By certifying the November 2001 order to this Court, the District Court has, in effect, placed the entire case into our hands. While the present appeal is before this Court, no claims, issues or parties remain with the District Court for its adjudication. Therefore, because the District Court has essentially certified all, not "fewer than all of" Sullivan's unadjudicated claims to this Court, Rule 54(b) certification is not appropriate.

¶14    In the past, we have cautioned courts against the temptation to certify difficult issues to this Court in order to provide guidance for the remainder of the case. It is not the purpose of Rule 54(b) certification to provide an advisory opinion to a district court. *See Weinstein*,

7

271 Mont. at 442, 898 P.2d at 106. Because the District Court erred in certifying the November 2001 order as final under Rule 54(b), there is no final judgment for this Court to consider; therefore, we are without jurisdiction to hear Bell & Marra's appeal. Accordingly, we dismiss Bell & Marra's appeal without prejudice and reverse and remand for adjudication of Sullivan's counterclaims.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ JIM RICE