IN THE SUPREME COURT OF THE STATE OF MONTANA

AF07-0157

FILED

February 28 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

| IN THE MATTER OF PROPOSED REVISIONS | ) | |
|---|---|---|
| TO THE MONTANA RULES OF CIVIL PROCEDURE | ) | O R D E R |
| WITH RESPECT TO DISCOVERY OF | ) | |
| ELECTRONIC INFORMATION | ) | |

The Advisory Commission on Rules of Civil and Appellate Procedure (Commission) appointed a subcommittee of the Commission to study whether we should amend the Montana Rules of Civil Procedure with respect to the discovery of electronic information to conform more closely with recent amendments to the Federal Rules of Civil Procedure on this same issue. The subcommittee reported back to the Commission with a "Majority Proposal" and a "Minority Proposal." We have attached the Majority Proposal to this Order at Exhibit A. The Commission unanimously supports amending Rule 26 of the Montana Rules of Civil Procedure and the related rules to facilitate electronic discovery.

The Commission caused the Majority Proposal and the Minority Proposal to be published in the August 2006 edition of the *Montana Lawyer*. The posting in the Montana Lawyer directed interested parties to submit written comments to the Commission. Interested parties submitted written comments on the proposals. The Commission also invited members of the bar and the public to attend a meeting, to coincide with the State Bar Meeting in Bozeman, to provide comment on the proposed revisions convened. The Commission convened the meeting in Bozeman as scheduled and received limited public input.

The Commission voted six to one in favor of adopting the Majority Proposal. The Commission now petitions this Court to amend Rule 26 of the Montana Rules of Civil Procedure and related rules to facilitate electronic discovery by adopting either the Majority Proposal or the Minority Proposal.

We agree with the Commission that the Montana Rules of Civil Procedure should be amended to provide more specific guidance with respect to the discovery of electronic information. The Majority Proposal provides the appropriate mechanism for this guidance. We recognize and acknowledge the concerns of discovery abuse raised by the Minority Proposal. We also recognize, however, that neither the Federal Rules of Civil Procedure, nor

the rules of civil procedure of any other jurisdiction, have imposed the types of responsibilities and obligations contained in the Minority Proposal. We likewise deem it unnecessary to adopt these types of responsibilities obligations at this time. In so doing, we emphasize that we retain the ability to modify the rules regarding the discovery of electronic information in the future if practice dictates the need to address the type of abuse contemplated by the Minority Proposal. Accordingly,

IT IS ORDERED that Majority Proposal to Amend Rule 26 of the Montana Rules of Civil Procedure and Related Rules to Facilitate Electronic Discovery is ADOPTED;

IT IS FURTHER ORDERED THAT the Clerk of this Court shall mail a true copy of this Order to each member of the Commission; to Gregory Petesch, Code Commissioner and Director of Legal Services; and, in addition, to the Executive Director of the State Bar of Montana and the State Law Librarian, with a request that this Order be posted to their respective web sites.

DATED this _____ day of February 2007.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

2

MONTANA RULES OF CIVIL PROCEDURE

RULE 16.   PRETRIAL CONFERENCES–SCHEDULING–
MANAGEMENT

* * *

(b)   Scheduling and Planning.    Except in categories of actions exempted by district court rule as inappropriate, the judge shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time

(1)   to join other parties and to amend the pleadings;

(2)   to file and hear motions; and

(3)   to complete discovery.

The scheduling order also may include

(4)   the date or dates for conferences before trial, final pretrial conference, and trial; and

(5)   provisions for disclosure or discovery of electronically stored information; and

(6)   any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint.  A schedule shall not be modified except by leave of the judge upon a showing of good cause.

* * *

RULE 26.   GENERAL PROVISIONS GOVERNING DISCOVERY

* * *

(b)   Discovery Scope and Limits.    Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1)   *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party

seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, <u>electronically stored information,</u> or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissable at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

<u>A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of this subdivision. The court may specify conditions for the discovery.</u>

The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. <u>26(b)(2)</u> The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).

\* \* \*

(f)     Discovery Conference.     At any time after commencement of an action the court may direct the attorneys for the parties to appear before it for a conference on the subject of discovery. The court shall do so upon motion by the attorney for any party if the motion includes:

(1)     A statement of the issues as they then appear;

(2)     A proposed plan and schedule of discovery;

(3)     Any limitations proposed to be placed on discovery;

(4)     <u>Any issues relating to discovery of electronically stored information, including the form or forms in which it should be produced;</u>

(5)    Any other proposed orders with respect to discovery; and

(6)    A statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys in the matters set forth in the motion. Each party and each party's attorney are under a duty to participate in good faith in the framing of a discovery plan if a plan is proposed by the attorney for any party. Notice of the motion shall be served on all parties. Objections or additions to matters set forth in the motion shall be served not later than 10 days after service of the motion.

Following the discovery conference, the court shall enter an order tentatively identifying the issues for discovery purposes, establishing a plan and schedule for discovery, <u>including resolution of issues relating to the discovery of electronically stored information, including the form or forms in which it should be produced,</u> setting limitations on discovery, if any; and determining such other matters, including the allocation of expenses, as are necessary for the proper management of discovery in the action. An order may be altered or amended whenever justice so requires.

## RULE 33.    INTERROGATORIES TO PARTIES

* * *

(c)    Option to Produce Business Records.   Where the answer to an interrogatory may be derived or ascertained from the business records, <u>including electronically stored information,</u> of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained.

## RULE 34.    PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES

(a)    Scope.   Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, ~~and~~ copy, <u>test or sample</u> any designated documents <u>or electronically stored information</u> (including writings,

drawings, graphs, charts, photographs, <u>sound recordings, images, phono records,</u> and other <u>data or</u> data compilations <u>stored in any medium</u> from which the information can be obtained, translated, if necessary, by the respondent ~~through detection devices~~ into reasonably usable form), or to inspect, ~~and~~ copy, test, or sample any <u>designated</u> tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

**(b)** **Procedure.** The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. <u>The request may specify the form or forms in which electronically stored information is to be produced.</u>

The party upon whom the request is served shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, <u>including an objection to the requested form or forms for producing electronically stored information,</u> ~~in which~~ event the reasons for objection ~~shall be stated~~. If objection is made to part of an item or category, the part shall be specified. <u>If objection is made to the requested form or forms for producing electronically stored information—or if no form was specified in the request—the responding party must state the form or forms it intends to use.</u> The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

<u>Unless the parties otherwise agree, or the court otherwise orders:</u>

    <u>(i)</u>    [a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or

shall organize and label them to correspond with the categories in the request;

(ii) if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained, or in a form or forms that are reasonably useable; and

(iii) a party need not produce the same electronically stored information in more than one form.

\* \* \*

## RULE 37.  FAILURE TO MAKE DISCOVERY:  SANCTIONS

\* \* \*

(e) and (f) [Reserved].

(e) Electronically Stored Information.  Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

\* \* \*

## RULE 45.  SUBPOENA

(a) Form—issuance.

(1) Every subpoena shall

(A) state the name of the court from which it is issued; and

(B) state the title of the action, the name of the court in which it is pending, and its civil action number; and

(C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection, and copying, testing or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

(D) set forth the text of subparagraphs (c) and (d) of this rule.

A command to produce evidence or to permit inspection, copying, testing or sampling may be joined with a command to appear at trial or hearing or at a deposition, or may be issued separately. A subpoena may specify the form or forms in which electronically stored information is to be produced.

\* \* \*

(c)     Protection of persons subject to or affected by subpoenas.

\* \* \*

(2) (A)     A person commanded to produce and permit inspection, and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to subparagraph (d)(2) of this rule, a person commanded to produce and permit inspection, and copying, testing or sampling, or any person affected thereby, may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing inspection or copying of any or all of the designated materials or inspection of the premises, or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, and copy, test, or sample, the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, and to any affected person who has served written objection, move at any time for an order to compel the production, inspection, copying, testing or sampling. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, and copying, testing or sampling commanded.

\* \* \*

(d)     Duties in responding to subpoena.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it, or in a form or forms that are reasonably useable.

A person responding to a subpoena need not produce the same electronically stored information in more than one form.

A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.