DA 06-0791

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 325

CATHERINE E. SATTERLEE,

       Petitioner and Appellant,

   v.

LUMBERMAN'S MUTUAL CASUALTY COMPANY,

       Respondent, Appellee and Insurer for

BUTTREY FOOD & DRUG,

       Employer.

JAMES ZENAHLIK,

       Petitioner and Appellant,
   v.

MONTANA STATE FUND,

       Respondent, Appellee and Insurer for

EAGLE ELECTRIC,

       Employer.

JOSEPH FOSTER,

       Petitioner and Appellant,

   v.

MONTANA STATE FUND,

       Respondent, Appellee and Insurer for

ALLEN ELECTRIC,

       Employer.

APPEAL FROM:     The Workers' Compensation Court, Cause No. 2003-0840,
                 Honorable James Jeremiah Shea, Presiding Judge

COUNSEL OF RECORD:

    For Appellants:

        James G. Hunt, Hunt Law Firm, Helena, Montana

        Thomas J. Murphy, Murphy Law Firm, Great Falls, Montana

    For Appellees:

        Greg Overturf and Thomas Martello, Montana State Fund,
        Helena, Montana

        Bradley J. Luck, Garlington, Lohn & Robinson, PLLP,
        Missoula, Montana (State Fund)

        Michael P. Heringer and Jon A. Wilson, Brown Law Firm, P.C.,
        Billings, Montana (Lumberman's Mutual)

    For Intervenors:

        Chad E. Adams, Browning, Kaleczyc, Berry & Hoven, P.C.,
        Helena, Montana

        Steven W. Jennings, Crowley, Haughey, Hanson, Toole & Dietrich,
        P.L.L.P., Billings, Montana

Submitted on Briefs:  November 29, 2007

Decided:  December 11, 2007

Filed:

_____
                           Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Catherine E. Satterlee, James Zenahlik, and Joseph Foster appeal from the order of the Workers' Compensation Court (WCC) granting Montana State Fund's (State Fund) motion for partial summary judgment.  We dismiss the appeal.

¶2    The dispositive issue is whether the WCC erred when it certified as final its grant of partial summary judgment.

## BACKGROUND

¶3    Catherine Satterlee was injured in 1992 during the course and scope of her employment.  Following our decision in *Satterlee v. Lumbermen's Mut. Cas. Co.*, 280 Mont. 85, 929 P.2d 212 (1996), Satterlee received workers' compensation benefits for permanent total disability (PTD).  Satterlee attained the age of sixty-five on September 30, 1999, and her PTD benefits ceased on that approximate date.

¶4    James Zenahlik was injured in 1996 during the course and scope of his employment.  He received PTD benefits as a result of his injury.  State Fund informed Zenahlik that his PTD benefits would cease when he reached age sixty-five, pursuant to § 39-71-710, MCA.

¶5    Joseph Foster was injured in 1999 during the course and scope of his employment. He received PTD benefits as a result of his injury.  State Fund informed Foster that his PTD benefits would cease when he reached age sixty-five, pursuant to § 39-71-710, MCA.

¶6    Following the cessation of PTD benefits, Satterlee and Zenahlik petitioned the WCC and challenged the constitutionality of § 39-71-710, MCA, as an impermissible

3

delegation of legislative power. The petition was soon amended to add additional petitioners, including Foster, and a second constitutional challenge to § 39-71-710, MCA, based on equal protection grounds. One year later, Satterlee, Zenahlik, and Foster (collectively, Satterlee) filed a second amended petition and raised two additional constitutional challenges to § 39-71-710, MCA, based on substantive due process and age discrimination.

¶7 In the midst of the ensuing litigation, we decided *Reesor v. Montana State Fund*, in which we determined that no rational basis existed to deny permanent partial disability (PPD) benefits to a class of injured workers based on their age, and thus, § 39-71-710, MCA, violated the Equal Protection Clause contained in Article II, Section 4, of the Montana Constitution. 2004 MT 370, ¶ 25, 325 Mont. 1, ¶ 25, 103 P.3d 1019, ¶ 25. Relying on *Reesor*, Satterlee moved the WCC for partial summary judgment on the equal protection claim and the improper delegation claim. Satterlee requested the WCC to rule that the statute's treatment of PTD benefits violated the Equal Protection Clause because § 39-71-710, MCA, makes no distinction between the termination of PTD benefits and PPD benefits. State Fund filed a cross-motion for partial summary judgment that was later joined by Liberty Northwest Insurance Corporation and Lumberman's Mutual Casualty Company. After allowing extensive briefing from the parties, intervenors, and amici curiae, the WCC distinguished *Reesor* from Satterlee's case and determined that § 39-71-710, MCA, as it pertains to PTD benefits, was constitutionally sound. In a one-line entry, the WCC certified its order as final for purposes of appeal.

4

¶8 Satterlee filed a motion for reconsideration and requested that the WCC remove its order of final certification and allow additional discovery. The WCC determined that it prematurely had certified its order as final and granted Satterlee's motion insofar as it removed the final certification. The WCC stated that its order did not constitute a final judgment because it dealt solely with Satterlee's motion for partial summary judgment. The WCC noted that, though M. R. Civ. P. 54(b) authorizes a court to certify issues as final for purposes of appeal, "the Montana Supreme Court has stated that a court must justify such a certification when other issues remain unresolved." The WCC then set forth the guiding principles that courts must follow when certifying an order as final and concluded that, "[i]n the present case, this Court [the WCC] did not provide any justification for certification of its Order as final for purposes of appeal. Consequently, the Court did not comport with Rule 54(b)." The WCC granted Satterlee leave to submit a brief relating to her requested discovery, and it reserved ruling on State Fund's motion for partial summary judgment.

¶9 The WCC ultimately denied Satterlee's motion for additional discovery and granted State Fund's motion for partial summary judgment. The WCC again included a one-line entry certifying its order as final for purposes of appeal. Satterlee appeals the WCC's grant of partial summary judgment to State Fund.

## DISCUSSION

¶10 **Did the WCC err when it certified as final its grant of partial summary judgment?**

¶11 Though the parties did not question the sufficiency of the WCC's certification order, we raise the issue *sua sponte* to determine whether the trial court abused its discretion in certifying an order under Rule 54(b). *Bell & Marra, PLLC, v. Sullivan*, 2003 MT 56, ¶ 8, 314 Mont. 378, ¶ 8, 66 P.3d 294, ¶ 8. Our general practice is to dismiss appeals without prejudice if the trial court failed to certify its order or erroneously certified its order. *Bell & Marra, PLLC*, ¶ 8.

¶12 In general, parties may only appeal a district court's final judgment. M. R. App. P. 1.[1] Rule 54(b) of the Montana Rules of Civil Procedure (Rule 54(b)), however, expressly allows a district court to certify an order as final for purposes of appeal prior to final judgment. Appeals from the WCC proceed in the same manner as appeals from a district court. Admin. R. M. 24.5.348. The administrative rules governing the WCC's procedure also include a "final certification for the purposes of appeal." Admin. R. M. 24.5.348(2). The "final certification" under Admin R. M. 24.5.348(2) differs from Rule 54(b), however, in that it functions as a notice of entry of judgment, rather than as a method to authorize interlocutory appeals.

¶13 Though the WCC's procedural rules do not expressly authorize appeals prior to final judgment, the rules provide that "[i]f no express provision is made in these rules [the WCC's Procedural Rules] regarding a matter of procedure, the court will be guided, where appropriate, by considerations and procedures set forth in the Mont. R. Civ. P." Admin. R. M. 24.5.352. In its order removing certification from the denial of Satterlee's

---

[1]The rules applicable to Satterlee's appeal were superseded on October 1, 2007. At present, M. R. App. P. 6 sets forth the orders appealable in civil cases.

motion for partial summary judgment, the WCC correctly recognized that Rule 54(b) applies to appeals from the WCC prior to a final judgment.

¶14 In *Scott v. Utility Line Contractors* we questioned Rule 54(b)'s applicability to WCC orders and noted that "the procedural rules of the [WCC] do not allow for such certification." 226 Mont. 154, 155, 734 P.2d 206, 207 (1987). The *Scott* decision, however, predated Admin. R. 24.5.352, which referenced the rules of civil procedure. Under the WCC's current procedural rules, the WCC must comply with Rule 54(b) and certify an order as final for purposes of appeal if the order fails to constitute a final judgment.

¶15 Rule 54(b) allows a court faced with multiple parties or multiple claims to enter final judgment "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." M. R. Civ. P. 54(b). In *Roy v. Neibauer*, we set forth guiding principles to aid trial courts in determining the propriety of a Rule 54(b) certification: (1) the party seeking the final certification bears the burden of convincing the trial court that the case presents the "infrequent harsh case" that merits a Rule 54(b) certification; (2) the trial court must "balance the competing factors present in the case" to determine whether a certification serves the interest of public policy and sound judicial administration; and (3) the trial court must "[marshal] and articulate the factors upon which it relied in granting certification" to facilitate prompt and effective appellate review. 188 Mont. 81, 87, 610 P.2d 1185, 1189 (1980). We noted that trial courts have a duty to avoid

7

piecemeal appeals and to "protect parties' rights against prejudice resulting from premature appeal." *Roy*, 188 Mont. at 86, 610 P.2d at 1189.

¶16   When reviewing the propriety of a trial court's Rule 54(b) certification, we consider five factors to determine whether the court abused its discretion:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [trial] court; (3) the possibility that the reviewing court might be obliged to consider the same issues a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, triviality of competing claims, expense, and the like.

*Bell & Marra, PLLC*, ¶ 10 (citing *Roy*, 188 Mont. at 87, 610 P.2d at 1189) (parentheses added).

¶17   A judgment is the final determination of the parties' rights in an action. M. R. Civ. P. 54(a). The WCC recognized Rule 54(b)'s applicability to non-final judgments when it removed final certification from its denial of Satterlee's motion for partial summary judgment. In this case, no question exists that the WCC's order granting State Fund's motion for *partial* summary judgment failed to constitute a final judgment: Satterlee has two remaining constitutional challenges to § 39-71-710, MCA, based on substantive due process and age discrimination that the WCC has yet to consider. Nevertheless, the WCC failed to comply with Rule 54(b) and this Court's precedent when it certified as final its grant of partial summary judgment in favor of State Fund. The WCC set forth no rationale or reasoning supporting its decision to certify its order as final. We require "some basis for distinguishing between well grounded orders which

8

have considered all of the relevant factors and mere boilerplate approval unsupported by the facts or an analysis of the law." *Roy*, 188 Mont. at 86, 610 P.2d at 1189.

¶18 We note that the WCC's orders on appeal generally contain a one-line entry certifying a judgment as final for purposes of appeal. Presumably this entry serves as the WCC's notice of entry of judgment under Admin. R. M. 24.5.348(2); however, in this case, such an entry is inapplicable because multiple issues remain unresolved. For future reference, to avoid confusion between a "certification" under Admin. R. M. 24.5.348 and a "certification" under Rule 54(b), it would be beneficial if the WCC would designate whether its certification is under Admin. R. M. 24.5.348(2) or under Rule 54(b) as a judgment with remaining issues or parties.

¶19 In the present case, Satterlee appeals an order that falls short of a final judgment, and therefore requires a Rule 54(b) certification. The WCC failed to comply with Rule 54(b); thus, we dismiss Satterlee's appeal without prejudice. *Bell & Marra, PLLC*, ¶ 8.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

9