AF 07-0735

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 334

_____

IN THE MATTER OF APPEALS IMPROPERLY        O P I N I O N
CERTIFIED AS FINAL JUDGMENTS               A N D
ENTERED PURSUANT TO M. R. CIV. P. 54(b)    O R D E R

_____

¶1     Since the new Montana Rules of Appellate Procedure went into effect on October 1, 2007, a number of attorneys have filed notices of appeal with this Court reflecting that the appeal is from a judgment certified as final under M. R. Civ. P. 54(b), when, in fact, the judgment appealed from is not one certified as final under M. R. Civ. P. 54(b).

¶2     M. R. Civ. P. 54(b) permits a court faced with multiple parties or multiple claims to enter a final judgment "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *Satterlee v. Lumberman's Mutual Casualty Company*, 2007 MT 325, ¶ 15, ___ Mont. ___, ¶ 15, ___ P.3d ___, ¶ 15.

¶3     Under M. R. App. P. 4(4)(b) and 6(6), appeals certified as final pursuant to M. R. Civ. P. 54(b) are initially treated differently from other appeals. For that reason, Forms 1 and 2 appended to the Montana Rules of Appellate Procedure provide that the appellant or cross-appellant certify that the appeal or cross-appeal "_____is/is not_____" from a judgment certified as final under M. R. Civ. P. 54(b).

¶4     Obviously, most appeals and cross-appeals are not from judgments certified as final under M. R. Civ. P. 54(b). And, while it would seem to go without saying, we expect counsel to actually determine whether their appeal or cross-appeal involves a judgment certified as final under M. R. Civ. P. 54(b). It is not acceptable practice to

1

certify that every judgment is final under M. R. Civ. P. 54(b)—as a number of attorneys have—when the judgment appealed from has not been so certified by a district court. Nor is it acceptable practice for attorneys to draft a form of notice of appeal that certifies that every appeal is from a judgment certified as final pursuant to M. R. Civ. P. 54(b). Finally—and it should embarrass some that we even need to say this—the certification statements on Forms 1 and 2 include blank spaces and alternative statements, e.g., "_____is/is not_____." It was and is this Court's intention that counsel check [√] or [X] whichever alternative statement is true, not simply include both statements, albeit without the blanks, in his or her form notice of appeal. This procedure is to be followed for each of the other certification statements with blanks as well.

¶5    Therefore, in order to obviate this Court wasting its limited time and resources reviewing notices of appeal and cross-appeal that do not involve appeals from judgments actually certified as final under M. R. Civ. P. 54(b),

¶6    IT IS ORDERED that, upon filing a notice of appeal or cross-appeal which improperly certifies that the appeal is from a judgment certified as final under M. R. Civ. P. 54(b), the Clerk of this Court shall notify the person filing the notice to file a corrected notice of appeal or cross-appeal on Form 1 or 2 within eleven (11) days or face dismissal of the appeal or cross-appeal. The Clerk shall include a copy of this Opinion and Order with the notice. If the corrected notice is not timely filed, the Clerk shall refer the matter to this Court. The Clerk's costs of notice, postage and photocopying shall be paid by the person filing the corrected notice at the time it is filed.

¶7    IT IS FURTHER ORDERED that a copy of this Opinion and Order be posted to the State Law Library and State Bar of Montana Websites and be published in the *Montana Lawyer*.

Dated this 12th day of December, 2007.

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE