JUSTICE NELSON,
dissenting.
¶64 No final judgment or order has been issued in this case by the District Court nor has the District Court certified this case for appeal pursuant to M. R. Civ. P. 54(b). Consequently, I dissent from this Court’s decision to address the merits of this case.
¶65 “A party may appeal from a final judgment in an action or special proceeding and from those final orders specified in sections (2), (3), and (4) of this rule.” M. R. App. P. 6(1) (emphasis added); see also Satterlee v. Lumberman’s Mut. Cas. Co., 2007 MT 325, ¶ 12, 340 Mont. 176, 178 P.3d 689.
¶66 In its August 7,2009 Order, the District Court clearly stated that it granted DNRC’s Motion for Summary Judgment “but only with regard to the improvements actually subjected to arbitration ....” The court denied DNRC’s Motion for Summary Judgment “with regard to the improvements which were not subjected to arbitration ....” The court also set a time for a hearing “for the sole purpose of ascertaining *170 the values of the improvements ... that have not been subjected to arbitration and evaluation.” Similarly, in its October 1,2009 Order, the District Court stated that it was remanding this matter to DNRC “to review its decision consistent with [the District Court’s] earlier determination that the second sentence of ARM 36.25.125(3) is invalid.”
¶67 “A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding ....” M. R. App. P. 4(l)(a) (emphasis added). An order that sets a time for a further hearing, as in the District Court’s August 7, 2009 Order, or remanding for further proceedings, as in the court’s October 1, 2009 Order, can hardly be characterized as conclusively determining the rights of the parties or settling all claims in controversy. Moreover, orders denying motions for summary judgment or granting partial summary judgment, as in the court’s August 7, 2009 Order, are not appealable pursuant to M. R. App. P. 6(5)(b).
¶68 Nevertheless, rather than complying with the District Court’s October 1, 2009 Order remanding this matter, DNRC filed a Notice of Entry of Judgment wherein it stated that “final Decisions and Orders were entered in the above-entitled action in favor of the Petitioner, C.A. Grenz by the Court, on August 7,2009 and October 1,2009.” Since the District Court did not enter a final decision or judgment in either of its Orders, DNRC’s representation is blatantly false. Furthermore, DNRC’s Notice of Appeal is defective because it did not comply with M. R. App. P. 4(2)(a) and Form 1 in the Appendix of Forms in that DNRC’s Notice of Appeal makes no mention of whether the appeal is certified as final under M. R. Civ. P. 54(b).
¶69 We have charged trial court’s with the duty “to avoid piecemeal appeals and to ‘protect parties’ rights against prejudice resulting from premature appeal.’ ” Satterlee, ¶ 15 (quoting Roy v. Neibauer, 188 Mont. 81, 86, 610 P.2d 1185, 1189 (1980)). We should do no less ourselves.
¶70 While neither party in the instant case raised on appeal the question of whether a final judgment had been entered or a Rule 54(b) certification issued, we have in the past dismissed appeals involving trial court orders which were interlocutory in nature and lacking a final judgment sua sponte. See Roy, 188 Mont, at 83-84, 610 P.2d at 1187. This Court pointed out in Roy that even though the parties had not called the Court’s attention to the fact that the summary judgment was interlocutory in nature and that a Rule 54(b) certification had not been obtained, “an appellate court cannot consider the merits of a *171 nonfinal order.” Roy, 188 Mont, at 84-85, 610 P.2d at 1187-88 (emphasis added). In dismissing the appeal, the Court stated:
“Too often this Court is confronted with cases that are not ready for appellate review within the meaning of the rules, but where the opposing parties do not bring this crucial fact to our attention. We often do not discover this until we are deeply into the process of review and indeed often in the opinion-writing state. We cannot and will not tolerate this state of affairs.
If the case is not ready for review, it should not be appealed. If for some reason it is appealed prematurely, it is the duty of the parties to bring this to our attention by an appropriate motion to dismiss so that it can be remanded to the District Court....”
Roy, 188 Mont, at 84, 610 P.2d at 1187 (emphasis added) (quoting In re Adoption ofBGB, 183 Mont. 347, 357, 599 P.2d 375, 381 (1979)).
¶71 The Court relies on our holding in Whitehall Wind v. Montana Public Service Comm., 2010 MT 2, 355 Mont. 15, 223 P.3d 907, to conclude that the District Court’s Order in this case constituted a final order for purposes of M. R. App. P. 4(l)(a). Opinion, ¶¶ 19-20. However, Whitehall is distinguishable from the present case.
¶72 In Whitehall, the district court reversed an order of the Montana Public Service Commission (PSC) setting a standard tariff rate for the purchase of electricity from Whitehall by Northwestern Energy. Whitehall, ¶ 1. The court remanded the matter to the PSC to recalculate the rate, taking into account certain data submitted by Whitehall and the PSC. Whitehall, ¶ 14. Instead, the PSC appealed to this Court.
¶73 In holding that the lower court’s order constituted a final appealable order, we stated that “[t]o force the PSC to recalculate the rate in accordance with the District Court’s specific instructions before allowing it to appeal would undermine the PSC’s right to appeal under § 2-4-711, MCA.” Whitehall, ¶ 18 (emphasis added). Hence, the PSC had already made specific calculations regarding the tariff rate at issue in Whitehall. Not so in the case sub judice, the Court’s contentions to the contrary notwithstanding. Opinion, ¶ 20.
¶74 Here, only the improvements the Heitzs wished to purchase were valued by the arbitrators. Because Grenz argued that all of the improvements must be purchased by the Heitzes, the District Court ordered that all of the improvements must be valued. That is why the District Court set a time for a hearing to ascertain the values of the improvements that had not already been subjected to arbitration and evaluation. Contrary to the Court’s statements, Opinion, ¶ 20, there *172 was no recalculation being done in this case, thereby distinguishing it from Whitehall.
¶75 This Court religiously requires parties to exhaust the administrative process and to obtain a final administrative order before seeking judicial review. Shoemaker v. Denke, 2004 MT 11, ¶¶ 18-19, 319 Mont. 238, 84 P.3d 4; Grabow v. Montana High School Ass’n, 2002 MT 242, ¶ 35, 312 Mont. 92, 59 P.3d 14; Barnicoat v. Com’r of Dept. of Labor, 201 Mont. 221, 224-25, 653 P.2d 498, 500 (1982). Here, DNRC refused to follow that rule and the District Court, correctly, ordered the agency to exhaust the administrative process. Instead, DNRC ignored the District Court’s order and appealed directly to this Court. There never has been a final administrative order entered in this case, as is demonstrated by a review of the record. Final orders issued by DNRC include a notice of that fact. See Bitterroot River Protective Ass’n v. Siebel, 2005 MT 60, 326 Mont. 241, 108 P.3d 518; Salish and Kootenai Tribes v. Stults, 2002 MT 280, 312 Mont. 420, 59 P.3d 1093; Montana Power Co. v. Carey, 211 Mont. 91, 685 P.2d 336 (1984). There is not one document in the record with DNRC’s own notice of finality. This case represents yet another example of DNRC’s attitude that rules and laws apply to everyone but the agency. See Bostwick Properties v. Dept. of Natural Resources, 2009 MT 181, ¶¶ 24-27, 351 Mont. 26, 208 P.3d 868 (Nelson, J., concurring); Bostwick, ¶¶ 28-30, (Rice, J., concurring); Bostwick, ¶¶ 31-36 (Warner, J., dissenting).
¶76 There is no question in the instant case that neither of the District Court’s Orders is a final decision or judgment. Therefore, I would dismiss this appeal without prejudice and remand this matter to the DNRC to complete the administrative process as directed by the District Court in its October 1, 2009 Order. Once that administrative process is completed, the District Court may review the DNRC’s determination and enter final judgment. If any of the parties are dissatisfied with the District Court’s final decision, they may then appeal to this Court.
¶77 I dissent from our failure to so order.