IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-549

WILLIAM G. SHULL, d/b/a GAMO,

    Plaintiff and Appellant,

    v.

FIRST INTERSTATE BANK OF GREAT FALLS,
a corporation; ZYCOM, INC.;
CAPITAL DEVELOPMENT COMPANY;
NORTH CENTRAL GAMING CO.,
a Montana corporation;
and THOMAS C. HABETS,

    Defendants and Respondents.

O P I N I O N

AND

O R D E R

FILED

DEC 09 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Defendants/Respondents Zycom, Inc. and Capital Development Company (collectively Zycom) have filed a motion to dismiss the September 21, 1993, notice of appeal filed by Plaintiff/Appellant William G. Shull d/b/a GAMO (Shull) and for attorney's fees in bringing this motion. Shull opposes the motion to dismiss his first notice of appeal. The procedural facts before us, together with the interplay between the Montana Rules of Civil Procedure and the Montana Rules of Appellate Procedure, mandate our conclusion that the motion to dismiss should be granted.

In June, 1993, a jury returned verdicts in the underlying lawsuit between these parties. Shull prevailed against First Interstate Bank of Great Falls; the jury returned verdicts in favor of defendants Zycom, Inc., North Central Gaming Company and Thomas C. Habets. No issue was presented to the jury relating to Capital Development Company.

1

On August 4, 1993, the District Court awarded Zycom, Inc. attorney's fees and costs in defending the action. A judgment was issued and notice of entry of that judgment was given on August 25, 1993.

On September 16, 1993, the District Court entered a judgment as to all parties, including Zycom, Inc., in the underlying action. Zycom, Inc.'s counsel gave notice of entry of judgment to Shull and First Interstate Bank on the same date. Shull served notice of entry of the September 16 judgment to all parties on September 20, 1993. The next day, September 21, Shull filed a notice of appeal from the "final judgment entered in this action on the 25th day of August, 1993."

Defendants First Interstate Bank and Thomas C. Habets filed motions to amend the September 16 judgment on September 30, 1993. The Clerk of Court for the Eighteenth Judicial District transmitted the record on appeal to this Court on October 27, based on Shull's September 21 notice of appeal from the August 25, 1993, judgment. The District Court heard defendants' post-trial motions on November 9, and issued its orders on those motions on November 10, 1993. Shull filed a second notice of appeal, from the final judgment and post-trial orders, on November 17, 1993.

Zycom argues that, under these procedural circumstances, the first notice of appeal was premature and of no force and effect, and that the District Court was free to resolve the post-trial motions. We agree.

It is clear that the August 25 judgment for Zycom, Inc. and

2

Capital Development Company was not a final and appealable judgment in this action. In an action involving multiple claims and multiple parties such as the underlying case here, a final judgment as to one or more but fewer than all of the claims or parties may be entered only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. Rule 54(b), M.R.Civ.P. No such determination and direction were made here with regard to the August 25 judgment. Thus, no final judgment was issued on August 25 and no appeal was available pursuant to Rule 1(b)(1), M.R.App.P. Nor is the court's August 25 judgment relating to Zycom, Inc. and Capital Development Company appealable under any of the Rule 1(b)(2) or (3), M.R.App.P., circumstances authorizing appeal from interlocutory orders or judgments. Therefore, we hold that the August 25, 1993, judgment was not appealable and Shull's notice of appeal from that judgment--filed September 21, 1993--was premature and without legal effect.

Shull argues that the notice of appeal was intended to be a notice of appeal from the September 16, 1993, final judgment. While this may be so, the notice of appeal specifically states that the appeal is from the August 25 judgment. Given the importance of specifying orders/judgments being appealed from, we will not rewrite parties' notices of appeal for them.

Moreover, even if this Court were inclined to read the notice of appeal at issue as being from the September 16, 1993, final judgment in the action, the notice of appeal still would be

3

premature and of no effect. As stated, the final judgment was entered September 16, 1993, and notice of entry of judgment was duly served by Shull on September 20. Shull filed the notice of appeal on September 21, 1993. Two defendants filed motions to alter or amend within 10 days thereafter.

Rules 52(b) and 59(g), M.R.Civ.P., authorize a party to file a motion to alter or amend a judgment within 10 days of notice of entry of judgment. It is clear that defendants' post-trial motions were timely under these Rules. Shull argues, however, that his September 21 notice of appeal divested the District Court of jurisdiction to accept or determine those motions. We disagree.

Rule 5(a)(4), M.R.App.P., provides that if a timely motion to alter or amend a judgment is made pursuant to Rule 52(b) or 59, M.R.Civ.P., a "notice of appeal filed before the disposition of . . . the motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion. . . ." We have not heretofore addressed the interplay between this portion of Rule 5(a)(4), M.R.App.P., the time period for filing a notice of appeal contained in Rule 5(a)(1), M.R.App.P., and the time for filing motions to amend or alter a judgment pursuant to the Montana Rules of Civil Procedure. We do so here by agreeing with the District Court's interpretation that district courts retain jurisdiction to consider and resolve timely motions to alter or amend filed pursuant to Rule 52(b) or 59(g), M.R.Civ.P. Stated differently, a notice of appeal filed prior to the expiration of the time allowed for motions to

4

alter or amend but followed by such motions timely filed shall, as stated in Rule 5(a)(4), M.R.App.P., <u>have no effect</u>.

To hold otherwise would enable the party desiring to appeal to totally negate the opposing party's ability to file timely motions to alter or amend a judgment under the Rules of Civil Procedure and have such motions addressed by the trial court. Such a ruling would base a party's ability to move the court which heard the dispute in the first instance to alter or amend its judgment on winning a "race to the courthouse" subsequent to notice of entry of judgment. The various rules were not intended to do so. Further, such a result would prevent parties from examining judgments and their bases in a objective and unhurried manner over a period of several days before determining whether motions to alter or amend are appropriate; we will not encourage the automatic filing of such motions by cutting off a party's ability to timely file the motions as provided in two separate rules of civil procedure.

We note that Shull's right to appeal from the September 16, 1993, final judgment is not impacted by this Opinion and Order. This is so because Shull timely filed a second notice of appeal from the final judgment and post-trial orders entered by the District Court, precisely in order to preserve and protect his rights on appeal. The second notice of appeal was timely filed under Rules 5(a)(4) and 5(a)(1), M.R.App.P.

THEREFORE,

IT IS ORDERED that Zycom's motion to dismiss Shull's first notice of appeal is GRANTED; and

5

IT IS FURTHER ORDERED that Zycom's request for attorney's fees in bringing its motion to the Court is DENIED.

The Clerk is directed to mail a true copy of this Opinion and Order to counsel of record for the parties, to the Clerk of the Eighth Judicial District Court, and to the Honorable Thomas M. McKittrick.

Dated this 9th day of December, 1993.

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice James C. Nelson did not participate.

6