No. 00-278

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 154

_____

NICHOLE TROMBLEY and ROBB SIBLEY, )

)

Plaintiffs and Appellants, )

) O P I N I O N

v. ) AND

) O R D E R

DOROTHY A. MANN and JOHN AGUE, )

)

Defendants and Respondents. )

_____

1. ¶Appellants Nichole Trombley and Robb Sibley appeal the summary judgment entered by the Nineteenth Judicial District Court, Lincoln County, in favor of Respondent John Ague. The District Court, however, denied Respondent Dorothy Mann's motion for summary judgment.

2. ¶We conclude that absent certification by the District Court, pursuant to Rule 54(b),

M.R.Civ.P., this Court cannot assume jurisdiction in this matter. Accordingly, we dismiss this appeal without prejudice and remand to the District Court for further proceedings.

## BACKGROUND

1. ¶Trombley and Sibley purchased real property in Lincoln County, Montana, from Mann in 1997. Ague was Mann's broker with whom Mann had listed the property. Following the transaction, Trombley and Sibley brought suit over an alleged access problem, and named both Mann and Ague as defendants.

2. ¶Mann and Ague both filed motions for summary judgment. The District Court, in a February 3, 2000 order, granted summary judgment in favor of Ague, determining that whatever duty he owed to the plaintiffs to disclose information regarding access to Mann's property was fully discharged. The court, however, denied Mann's motion for summary judgment, determining that, as the seller, material facts remained in dispute regarding the disclosure of the alleged access problem.

3. ¶Subsequently, Trombley and Sibley filed this appeal, arguing that the court committed reversible error by determining that no material facts remained in dispute regarding Ague's disclosure of information pertaining to access to the property at issue.

## DISCUSSION

1. ¶As a general rule, this Court assumes jurisdiction of an appeal in a civil matter only where a final judgment has been entered. *See* Rule 1(b)(1), M.R.App.P. This Court may also assume jurisdiction over interlocutory matters pursuant to the exceptions found under Rule 1(b)(2) through (3), and Rule 3, M.R.App.P. Although the issue of this Court's jurisdiction was not raised by either party, we may address the question *sua sponte. See Thompson v. Crow Tribe of Indians*, 1998 MT 161, ¶ 12, 289 Mont. 358, ¶ 12, 962 P.2d 577, ¶ 12.

2. ¶It is clear that the District Court's February 3, 2000 order granting summary judgment in favor of Ague, but denying Mann's motion for summary judgment, was not a final judgment in this action. *See generally Cechovic v. Hardin & Assoc., Inc.* (1995), 273 Mont. 104, 118, 902 P.2d 520, 528 (stating general rule that summary judgment orders are interlocutory and therefore not appealable until final judgment is rendered) (citation omitted); *Knight & Co. v. Fort Belknap Indian Agency* (1980), 188 Mont. 218, 220-21, 612 P.2d 1290, 1291-92 (concluding that appeal must be

dismissed without prejudice under Rule 1, M.R.App.P., where order granting summary judgment was interlocutory and not certified under Rule 54(b), M.R.Civ. P.).

3. ¶In an action involving multiple parties, such as the underlying case here, a final judgment as to one or more but fewer than all of the parties may be entered only upon an express determination by the court that there is no just reason for delay and upon an express direction for the entry of judgment. *See* Rule 54(b), M.R.Civ.P.; *Shull v. First Interstate Bank of Great Falls* (1993), 262 Mont. 355, 357, 864 P.2d 1268, 1269.

4. ¶There is absolutely no indication here, however, that the District Court expressed that this matter should be certified as final, pursuant to Rule 54(b), M.R.Civ.P. The Rule 54(b) certification requirement is not a mere formality but is a "necessary and valuable tool for preventing piecemeal litigation and waste of the resources of both the litigants and the courts." *See McDonald v. Unirex, Inc.* (1986), 221 Mont. 153, 155, 721 P.2d 302, 303. Therefore, the discretionary certification of a judgment as final, under Rule 54(b), requires a district court to follow the standards set forth in *Roy v. Neibauer* (1980), 188 Mont. 81, 87, 610 P.2d 1185, 1189 (listing five factors and three "guiding principles" that court should consider in making a Rule 54(b) certification) (citations omitted).

5. ¶Thus, we conclude that no "final judgment," as defined by Rule 54(a), M.R.Civ.P., was issued and, therefore, no appeal was available pursuant to Rule 1(b)(1), M.R. App.P. *See Shull*, 262 Mont. at 357-58, 864 P.2d at 1269-70. We further conclude that none of the exceptions under Rule 1(b)(2) through (3), or Rule 3, M.R.App.P., are applicable to this matter.

6. ¶Accordingly, we hold that the February 3, 2000 order granting summary judgment in favor of Ague but denying Mann's motion for summary judgment was not appealable. We remand this matter to the District Court, and in doing so we will not address the substantive issues raised or assume certification in this matter is proper. Accordingly,

IT IS ORDERED that Appellants appeal is dismissed without prejudice.

1. ¶The Clerk is directed to mail a true copy of this Opinion and Order to counsel of record for the parties, to the Clerk of the Nineteenth Judicial District Court, and to the Honorable Michael C. Prezeau.

DATED this 9th day of August, 2001.

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM RICE

/S/ W. WILLIAM LEAPHART