No. DA 07-0167

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 120

_____

| | | |
|---|---|---|
| LIBBIE HARDING, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | OPINION |
| | ) | |
| v. | ) | and |
| | ) | |
| STEPHEN GARCIA and PROFESSIONAL HEALTH PLANNING, INC., | ) | ORDER |
| | ) | |
| Defendants and Appellants. | ) | |

_____

¶1    On October 19, 2006, following a three-day trial, the jury returned a verdict for Plaintiff/Respondent Libbie Harding (Harding) in her wrongful discharge action against the Defendant Professional Health Planning, Inc. (PHP). Following post-trial proceedings, PHP filed a notice of appeal on February 26, 2007. Harding moves to dismiss the appeal, claiming that it was untimely. Harding's motion is denied.

¶2    In the months leading up to trial, Harding twice filed motions to compel discovery in an attempt to get PHP to answer discovery requests, including interrogatories and requests for production.

¶3    The District Court granted Harding's first motion to compel, but PHP failed to comply. As a result, Harding moved for, and was granted, sanctions in the amount of $846.90 to cover attorney's fees and costs incurred in dealing with that motion to compel. The record reflects that at this time PHP was appearing *pro se*. Shortly thereafter,

however, PHP retained an attorney.

¶4 Only a few months later, on August 25, 2006, Harding again moved for sanctions against PHP as a result of continued discovery violations. The District Court, in a September 25, 2006, order, required PHP to furnish replies to Harding's interrogatories and required co-defendant Garcia to produce his 2005 tax return. Regarding Harding's request for sanctions against PHP, the District Court ordered, "The issue of attorney's fees incurred by the plaintiff will be addressed after trial."

¶5 Harding brought her action pursuant to the Wrongful Discharge from Employment Act, §§ 39-2-901 *et seq*. She made an offer to arbitrate her claim against PHP pursuant to § 39-2-914(3), MCA. Section 39-2-915, MCA, provides that a party who makes an offer to arbitrate that is declined, and who subsequently prevails in the action, is entitled to their reasonable attorney fees incurred subsequent to the date of the offer as an element of costs. PHP declined Harding's offer to arbitrate the claim.

¶6 The day following the jury's verdict for Harding, the District Court issued its judgment and Harding filed a notice of entry of judgment. A few days later, in order to recover her attorney's fees pursuant to § 39-2-915, MCA, Harding filed a memorandum of costs and disbursements and an affidavit of attorney's fees and costs. In addition, pursuant to the District Court's September 25, 2006, order providing that sanctions against PHP would be addressed following trial, Harding also filed a supplemental affidavit of attorney fees and costs relating to discovery sanctions which prayed for an additional $1,913.40 as fees and costs incurred attempting to enforce the court's discovery orders.

¶7 On November 3, 2006, PHP filed various post-trial motions, pursuant to M. R. Civ. P. 56, 59 and 60. On November 14, 2006, PHP filed its objections to Harding's requested fees and costs. The following day, the District Court held a hearing to determine the appropriate amount of attorney's fees and costs to be awarded to Harding.

¶8 On January 2, 2007, pursuant to M. R. Civ. P. 59 and 60, PHP's various post-trial motions were deemed denied because the District Court had failed to rule on them within 60 days. Two days later the court issued its Order Regarding Costs and Disbursements. This order approved Harding's requested fees and costs in securing the judgment. However, the order did not address the fees and costs Harding requested as a sanction against PHP for not obeying the court's orders regarding discovery.

¶9 On February 1, 2007, thirty days passed from the date of the court's denial of PHP's post-trial motions.

¶10 Two days later, on February 3, 2007, thirty days passed from the date the District Court entered its order awarding fees and costs. However, as noted above, this February 3 order did not set the amount of the sanctions against PHP. On February 8, 2007, Harding filed a Motion to Vacate Order Staying Proceedings, Motion to Vacate Hearing, Request for Ruling on Discovery Sanctions and Brief in Support. This motion, *inter alia*, requested that, "the Court approve the additional amount of fees and costs itemized in Plaintiff's October 24, 2006 Supplemental Memorandum."

¶11 Following a hearing on February 13, on February 22 the District Court issued its order on Harding's motion, saying:

3

Plaintiff is entitled to the additional fees and costs of $1066.50 itemized in her Supplemental Affidavit of Attorney's Fees and Costs Re: Discovery Sanctions, bringing the amount of fees and costs incurred by Plaintiff while attempting to enforce the Court's discovery orders to $1,913.40. This sum is in addition to the fees and costs approved by the Court in its Order Regarding Costs and Disbursements.

¶12     Four days later, PHP filed a notice of appeal.

¶13     Harding claims that we must dismiss the appeal as untimely. According to Harding, a party has 30 days from service of a notice of entry of judgment to file their notice of appeal. However, as Harding acknowledges, where, as here, a party files post-trial motions, the deadline to appeal does not run until after 30 days from the date the district court rules on the motions or, if no ruling is made within 60 days, 30 days from the date the motions are deemed denied.

¶14     PHP filed its post-trial motions November 3, 2006. Thus, according to Harding's logic, when 60 days passed on January 2, 2007, and the District Court had not ruled on PHP's motions, those motions were deemed denied and PHP's 30-day appeal time began to run. PHP then had until February 1, 2007, to file a notice of appeal from the deemed denial, but did not actually do so until February 26. Thus, Harding argues, PHP's appeal must be dismissed as untimely.

¶15     PHP responds by arguing that because the District Court did not assess the amount of the discovery sanctions due Harding until its February 22 order, there was no final judgment from which to appeal. Only when the District Court issued its order setting the amount of attorney's fees and costs due to PHP's discovery sanctions did it issue a final order. The time for appeal then began to run. Thus, according to PHP, its notice of

4

appeal filed four days later was well within the time for appeal.

¶16　Montana Rule of Appellate Procedure 1(b)(1) provides that a party may appeal, "From a final judgment entered in an action or special proceeding commenced in a district court. . . ." A judgment is the final determination of the rights of the parties in an action or proceeding. *Losleben v. Oppedahl*, 2004 MT 5, ¶ 26, 319 Mont. 269, ¶ 26, 83 P.3d 1271, ¶ 26 (citing M. R. Civ. P. 54(a)). In the present case, no "final judgment" was entered until the District Court issued its February 22 order setting the amount of attorney's fees and costs Harding was awarded as sanctions. Prior to that time, even though the District Court had determined that PHP would be required to pay a sanction, the amount had not been set. Thus, a final judgment was not issued until February 22, 2007, and PHP's appeal is timely.

¶17　Accordingly, Harding's motion to dismiss this appeal is DENIED.

DATED this 22nd day of May 2007.

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

5