DA 08-0352

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 329

————————

| | | |
|---|---|---|
| ESTATE OF EARL M. PRUYN, ACTING THROUGH THE PERSONAL REPRESENTATIVE JACK MEYER, | ) ) ) | |
| Plaintiff and Appellant, | ) ) | O P I N I O N |
| v. | ) ) | A N D |
| AXMEN PROPANE, INC., a Montana corporation, and EDWARD KIMBRELL, individually, | ) ) ) | O R D E R |
| Defendants and Appellees. | ) ) | |

————————

¶1     On June 27, 2008, the Fourth Judicial District Court, Missoula County, entered its opinion and order granting summary judgment to Axmen Propane, Inc. (Axmen) and denying the cross-motion for summary judgment filed by Earl M. Pruyn, who died shortly before the District Court's order.  The District Court subsequently substituted Pruyn's estate (Estate) as the plaintiff.  The record contains no indication that either party served notice of entry of judgment, as contemplated in M. R. Civ. P. 77(d).  On July 25, 2008, the Estate, acting through its personal representative, filed a notice of appeal from the June 27 order and prior orders.

¶2     On August 8, 2008, Axmen moved to dismiss this appeal on grounds that the June 27 order is not a final judgment, as contemplated in M. R. App. P. 4(1)(a), because a determination remained "regarding an award of attorney fees and costs."  Axmen represented it would "be filing its motion for fees in the District Court contemporaneously" with its motion to dismiss the appeal here.  The District Court

1

record—which had not yet been transmitted when Axmen moved to dismiss—contains Axmen's Motion for Award of Attorneys' Fees and Costs. On August 18, 2008, the Estate responded to Axmen's motion to dismiss the appeal, asserting the judgment was final and appealable and its notice of appeal divested the District Court of jurisdiction.

¶3 A party may appeal from a final judgment. M. R. App. P. 6(1). A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed. M. R. App. P. 4(1)(a).

¶4 Axmen filed its bill of costs almost seven weeks after the District Court entered its summary judgment order, long after the statutory five-day period for filing and serving a bill of costs had expired. *See* § 25-10-501, MCA. Given this untimely filing, we conclude a determination of costs is not "necessary"—as contemplated in M. R. App. P. 4(1)(a)—and Axmen's request for costs has no bearing on the finality of the judgment.

¶5 Regarding Axmen's motion for an award of attorney fees, we treat such a motion filed after entry of judgment as a motion to alter or amend the judgment pursuant to M. R. Civ. P. 59(g). *See Chase v. Bearpaw Ranch Assn.*, 2006 MT 67, ¶ 18, 331 Mont. 421, ¶ 18, 133 P.3d 190, ¶ 18 (citing *Associated Press v. Crofts*, 2004 MT 120, ¶ 36, 321 Mont. 193, ¶ 36, 89 P.3d 971, ¶ 36). As provided in M. R. App. P. 4(5)(a)(iv)(3), if a party files a "timely motion" in the district court to alter or amend a judgment pursuant to M. R. Civ. P. 59, the time for appeal for all parties runs from the entry of the order on the motion or, if applicable, from the time the motion is deemed denied after 60 days. A notice of appeal filed before the disposition of such a motion—either by entry of an order

2

or by deemed denial—is treated as filed on the date of such entry or deemed denial. The district court is not deprived of jurisdiction to enter its order on such a motion by the premature filing of a notice of appeal. *See* M. R. App. P. 4(5)(a)(iv)(3).

¶6 In light of M. R. App. P. 4(5)(a)(iv)(3), the dispositive questions before us are: (1) whether Axmen's M. R. Civ. P. 59(g) rule is "timely" and, if so, (2) whether the Estate's notice of appeal divested the District Court of jurisdiction to consider Axmen's subsequently-filed motion. We address these questions in turn.

¶7 With respect to whether Axmen's motion is "timely," the period for serving a motion to alter or amend the judgment is 10 days after the service of notice of entry of the judgment. *See* M. R. Civ. P. 59(g). Because neither party served notice of entry of the judgment as contemplated in M. R. Civ. P. 77(d), the 10-day time period in M. R. Civ. P. 59(g) has not yet begun to run. Thus, we conclude Axmen's motion relating to attorney fees is timely.

¶8 We next address whether the Estate's notice of appeal divested the District Court of jurisdiction to consider Axmen's subsequently-filed motion. In *Shull v. First Interstate Bank*, 262 Mont. 355, 864 P.2d 1268 (1993), we rejected a party's contention that his notice of appeal divested the trial court of jurisdiction to accept or determine the opposing parties' M. R. Civ. P. 52(b) and 59(g) motions to alter or amend the judgment, which were filed after the notice of appeal. In doing so, we construed language in former M. R. App. P. 5(a)(4) regarding a "notice of appeal filed before the disposition" of a timely motion to alter or amend a judgment as including "a notice of appeal filed prior to the expiration of the time allowed" for such a motion. We also reasoned that allowing a

3

party desiring to appeal to negate the opposing party's ability to file timely motions to alter or amend the judgment would result in a "race to the courthouse" and encourage parties to file such motions automatically, without an objective and unhurried examination of the judgment and its basis. *Shull*, 262 Mont. at 358-59, 864 P.2d at 1270. We have located no authority to the contrary.

¶9    We acknowledge that the current M. R. App. P. 4(5)(a)(iv)(3) differs from the former M. R. App. P. 5(a)(4) at issue in *Shull*. This is especially true insofar as the former rule provided that a premature notice of appeal would "have no effect" and the current rule provides that a premature notice of appeal will be treated as filed on the date the district court decides the motion to alter or amend judgment or the motion is deemed denied. We rely on *Shull* only with respect to whether a notice of appeal divests a district court of jurisdiction to consider a timely subsequently-filed M. R. Civ. P. 59(g) motion, in light of the "filed before the disposition" language in both the former and current appellate rules.

¶10    Neither party cites to *Shull*, but both parties advance other authorities. Axmen cites to *Harding v. Garcia*, 2007 MT 120, ¶ 16, 337 Mont. 274, ¶ 16, 159 P.3d 1083, ¶ 16, where we determined a judgment in which a district court awarded attorney fees as a discovery sanction without determining the amount of the fees was not yet final. *Harding* is distinguishable insofar as the party moved for discovery sanctions and the district court awarded attorney fees before the notice of appeal was filed. Thus, *Harding* is of little use here.

¶11    The Estate relies on *ABC Collectors, Inc. v. Birnel*, 2006 MT 148, ¶ 9, 332 Mont.

4

410, ¶ 9, 138 P.3d 802, ¶ 9, for our longstanding rule that, when a notice of appeal is filed, jurisdiction passes from the trial court and is vested in this Court. The Estate fails to mention, however, our determination that the "motion for reconsideration" in that case was not, in form or substance, a M. R. Civ. P. 59(g) motion to alter or amend the judgment triggering the appellate rule that a notice of appeal would be treated as if filed on the date of disposition of such a motion. *ABC Collectors*, ¶¶ 12-18. Unlike the motion at issue in *ABC Collectors*, and as discussed above, we construe Axmen's motion for an award of attorney fees as a M. R. Civ. P. 59(g) motion. *See Chase*, ¶ 18.

¶12 We note that either party could have taken action to avoid this situation. For example, before filing its notice of appeal, the Estate could have served notice of entry of judgment, as permitted by M. R. Civ. P. 77(d), to start the 10-day period for M. R. Civ. P. 59(g) motions. Axmen, on the other hand, could have filed its motion for an award of attorney fees earlier. Moreover, either party could have raised the possibility of an attorney fee award, or lack thereof, during the summary judgment hearing at which the District Court stated its intent to enter a final judgment so the parties could appeal. The parties' inaction has resulted in unnecessary delay and expenditures of resources by their counsel and this Court.

¶13 We conclude Axmen's motion for an award of attorney fees is timely. We further conclude the District Court retains jurisdiction to consider the motion.

¶14 IT IS ORDERED that the District Court record shall be returned to the Clerk of the District Court.

¶15 IT IS FURTHER ORDERED that this case is REMANDED to the District Court

5

for its determination on Axmen's motion for an award of attorney fees and, if applicable, for a determination of the amount of those fees.

¶16    IT IS FURTHER ORDERED that Axmen's motion to dismiss this appeal is DENIED, and the Estate's previously-filed notice of appeal will be treated as filed on whichever of the following dates is applicable in light of the District Court's action on remand: (1) the date the District Court enters an order denying Axmen's motion; (2) the date on which the District Court, having decided to award attorney fees, enters its order determining the amount of those fees; or (3) pursuant to M. R. Civ. P. 59(g), 60 days from the date of this Order.

¶17    The Clerk is directed to provide electronic notice of this Order to the Honorable Robert L. Deschamps, III, the Clerk of the Fourth Judicial District Court, all counsel of record, and Edward Kimbrell, followed by notice by mail.

DATED this 23rd day of September, 2008.


/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE