FILED

07/14/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0116

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0116

FILED

JUL 14 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORIGINAL

LINCOLN PROPERTIES, LLC,

Plaintiff and Appellant,

v.                                                                              O R D E R

AMERICAN EQUITY EXCHANGE, INC.,

Defendant and Appellee.

Appellee American Equity Exchange, Inc. (AEEI), moves this Court to stay the Notice of Appeal and remand this matter to the First Judicial District Court, Lewis and Clark County, for further proceedings in accordance with M. R. Civ. P. 58(e). Appellant Lincoln Properties, LLC (Lincoln), opposes AEEI's motion.

At issue is whether Lincoln's Notice of Appeal was prematurely filed because the District Court had not ruled on AEEI's motion for attorney fees at that time. In the District Court case, AEEI filed a notice of entry of judgment on February 13, 2020. AEEI filed its motion for attorney fees the next day. Lincoln then filed its Notice of Appeal on February 26, 2020, prior to the completion of briefing on AEEI's pending motion for attorney fees.

Briefing for AEEI's motion for attorney fees was completed March 20, 2020, when AEEI filed its reply brief in the District Court. On April 9, 2020, prior to any ruling on the motion for attorney fees, the record was transmitted to this Court as part of Lincoln's appeal.

According to AEEI, the District Court issued an order on April 16, 2020, in which it ruled that AEEI was entitled to attorney fees, but reserved determining the amount of the award until it could hear the matter. As of June 16, 2020, when AEEI filed the present

motion to stay and remand in this Court, briefing on the attorney fee amount was ongoing in the District Court.

Because the attorney fee issue remains unresolved below, AEEI moves this Court to stay the present appeal and remand the matter to the District Court. M. R. Civ. P. 58(e) provides:

> A judgment, even though entered, is not considered final for purposes of appeal under Rule 4(1)(a), M. R. App. P., until any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, is made. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal. A notice of appeal filed before the disposition of any such motion shall be treated as filed on the date of such entry.

In opposition to AEEI's motion, Lincoln maintains that AEEI's motion for attorney fees was not timely, and thus Rule 58(e) does not apply because the District Court's determination is not "necessary" under M. R. App. P. 4(1)(a). Lincoln argues that AEEI should have requested attorney fees over a year earlier, when the District Court entered judgment against Lincoln. In support of its position, Lincoln relies on *Estate of Earl M. Pruyn v. Axmen Propane, Inc.*, 2008 MT 329, ¶ 4, 346 Mont. 162, 194 P.3d 650, in which this Court held that the determination of an untimely filing of a bill of costs was not "necessary" as contemplated in Rule 4(1)(a) because of its untimeliness.

In *Estate of Pruyn*, neither party served a notice of entry of judgment as contemplated by M. R. Civ. P. 77(d) before the Estate filed its notice of appeal. *Estate of Pruyn*, ¶ 1. Nearly two weeks after the Estate filed its notice of appeal, Axmen moved to dismiss the appeal because the District Court had not yet determined an award of costs and attorney fees; however, Axmen not yet filed motions for costs and attorney fees in the District Court. *Estate of Pruyn*, ¶ 2. This Court dealt with the costs and attorney fees issues differently: We determined that the request for costs was untimely as it was filed seven weeks after the dispositive order was issued, while the statutory deadline for filing such was five days, and thus it had no bearing on the finality of the judgment. *Estate of Pruyn*, ¶ 4. However, we treated the motion for attorney fees as a motion to alter

2

or amend judgment under M. R. Civ. P. 59, and as such it was timely since neither party had served notice of entry of judgment and therefore the period for serving a motion to amend had not begun to run. *Estate of Pruyn*, ¶¶ 5-7. We then remanded the case for a determination of Axmen's entitlement to an award of attorney fees and, if applicable, a determination of the amount of those fees. *Estate of Pruyn*, ¶ 15. We decided not to dismiss the appeal, but to treat it as if filed on the date the District Court either denied the motion for attorney fees, determined the amount of attorney fees if awarded, or 60 days from the date of the Court's order under Rule 59. *Estate of Pruyn*, ¶ 16.

In the Opinion and Order, this Court further noted that the entire situation could have been avoided if either party had acted sooner: the Estate could have served notice of entry of judgment prior to filing its notice of appeal, and Axmen could have filed its motion for attorney fees sooner. *Estate of Pruyn*, ¶ 12. In the present case, both a notice of entry of judgment and the motion for attorney fees were filed in the District Court prior to Lincoln's notice of appeal. And while Lincoln asserts that AEEI's motion for attorney fees was untimely, the District Court has apparently disagreed, as it has awarded AEEI attorney fees in an amount to be determined after hearing. If we were to agree with Lincoln's assertion that AEEI's motion for attorney fees was untimely, we would effectively reverse the District Court without having actually considered its ruling to the contrary.

We therefore conclude that, as set forth in M. R. Civ. P. 58(e), this matter is not final for purposes of appeal because the District Court has yet to make the necessary determination of the amount of attorney fees awarded. As we previously held in *Estate of Pruyn*, and under Rule 58(e), jurisdiction remains with the district court to make this determination and Lincoln's Notice of Appeal, filed before the disposition of AEEI's motion, shall be treated as filed on the date of entry of the District Court's resolution of that motion.

Therefore,

IT IS ORDERED that this case is remanded to the District Court for its determination of the amount of attorney fees awarded to AEEI.

3

IT IS FURTHER ORDERED that Lincoln's previously filed notice of appeal will be treated as filed on the date on which the District Court enters its order determining the amount of AEEI's attorney fees.

The Clerk is directed to provide copies of this Order to all counsel of record, to the Clerk of Court for Lewis and Clark County, and to the Honorable Mike Menahan presiding Judge.

Dated this 14th day of July, 2020.

Justices