FILED

05/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0153

DA 21-0153

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 128

IN RE THE MARRIAGE OF:

CHRISTOPHER J. WEIGAND,

      Petitioner and Appellee,

and

BRYTANY ANNE CATTANEO,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-18-60
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Caitlin Pabst, Kristofer Baughman, Element Law Group, PLLC, Bozeman, Montana

      For Appellee:

            Anna M. Williams, Anna Williams Law, PLLC, Bozeman, Montana

                         Decided: May 18, 2021

Filed:

_____
                  Clerk

Justice Laurie McKinnon delivered the Opinion and Order of the Court.

¶1 Petitioner and Appellee Christopher J. Weigand moves this Court to dismiss the appeal of Respondent and Appellant Brytany Anne Cattaneo in this matter. Weigand argues that this case is not properly before the Court because it is an appeal from an interlocutory order. Cattaneo opposes Weigand's motion to dismiss, arguing that the pertinent order is appealable pursuant to M. R. App. P. 6(3)(j). Both parties further move for their attorney fees and costs incurred regarding this motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Weigand and Cattaneo were married in May 2014. At that time, Cattaneo had a child, L.C.M., from a previous marriage. Weigand and Cattaneo also had three children together during their relationship.

¶3 Weigand petitioned for dissolution of the marriage in 2018, in the Montana Sixth Judicial District Court, Park County. In June 2018, the parties voluntarily entered a Stipulated Final Parenting Plan that was adopted by the District Court and incorporated into the final decree of dissolution. Pertinent to the issues on appeal, the parenting plan provided that L.C.M. would be included in the parties' stipulated parenting agreement.

¶4 In September 2020, Cattaneo discontinued Weigand's contact with L.C.M. Weigand subsequently filed a motion for contempt and for sanctions against Cattaneo. Cattaneo moved to strike the provisions from the parenting plan that pertained to L.C.M. The District Court held a hearing on the motions on February 18, 2021.

¶5    On March 30, 2021, the District Court issued Findings of Fact, Conclusions of Law and Order in which it granted Weigand's motion for contempt and for sanctions and found Cattaneo in contempt for failing to follow the parenting plan. The court also ordered Cattaneo to pay Weigand's attorney fees and costs associated with the motion for contempt. The court denied Cattaneo's motion to strike the provisions from the parenting plan that pertained to L.C.M. and it ordered L.C.M.'s visitation with Weigand to resume.

¶6    On April 1, 2021, Cattaneo filed a Notice of Appeal in this Court. Weigand's Motion to Dismiss Appeal and brief in support and Cattaneo's Response to Appellee's Motion to Dismiss Appeal followed.

**DISCUSSION**

¶7    Under M. R. App. P. 6(3), an aggrieved party in a civil case may appeal from certain enumerated orders, provided that the order is the court's final decision on the referenced matter. Rule 6(3)(j) specifies that an aggrieved party may appeal "[f]rom a contempt judgment or order in a family law proceeding when, and only when the judgment or order appealed from includes an ancillary order entered as a result of the contemptuous conduct which affects the substantial rights of the parties involved[.]"

¶8    In moving to dismiss this appeal, Weigand argues that the District Court's March 30, 2021 Findings of Fact, Conclusions of Law and Order is not appealable under Rule 6(3) because it is not the court's final decision on the referenced matter as the District Court has not issued a determination of attorney fees and costs. Weigand further references M. R. App. P. 4(1)(a), which provides, "A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any

necessary determination of the amount of costs and attorney fees awarded or sanction imposed." Weigand also relies on *In re Brockington*, 2017 MT 92, ¶ 35, 387 Mont. 260, 400 P.3d 205, in which we dismissed without prejudice an appeal from a contempt order after concluding that it was not a final judgment because it did not include a decision regarding the amount of attorney fees and costs awarded.

¶9 Cattaneo argues that dismissal is not warranted in this case because M. R. Civ. P. 58(e) provides "a carveout exception . . . that applies in this exact circumstance." M. R. Civ. P. 58(e) states:

> A judgment, even though entered, is not considered final for purposes of appeal under Rule 4(1)(a), M. R. App. P., until any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, is made. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal. A notice of appeal filed before the disposition of any such motions shall be treated as filed on the date of such entry.

¶10 In urging dismissal, Weigand argues that if this Court allows Cattaneo's appeal to proceed, this matter could be subject to piecemeal appeals: If the District Court's ruling is upheld, the District Court will then determine the amount of attorney fees and costs owed, which could then result in Cattaneo appealing from that determination. However, under M. R. Civ. P. 58(e), the District Court retains jurisdiction to enter its order on the attorney fees and costs; it need not wait for this Court to decide Cattaneo's appeal, and Cattaneo's appeal will not proceed until such determination is made by the District Court. Therefore, dismissal of this appeal is not necessary as this Court can treat it as filed on the date of entry of the District Court's determination of attorney fees and costs.

¶11    Weigand is correct that in *In re Brockington*, we dismissed an appeal under similar circumstances as exist in the present case.  In that case, the appellant had been held in contempt by the District Court for failure to abide by a parenting plan, and she appealed that ruling prior to the District Court's determination of attorney fees and costs. *In re Brockington*, ¶ 33.  This Court concluded that the appellant had the right to appeal from the order of contempt under M. R. App. P. 6(3)(j), however, we dismissed her appeal of the contempt order without prejudice because we further concluded the contempt order was not a final judgment since it did not include a determination of attorney fees and costs. *In re Brockington*, ¶ 35.  We conclude that our dismissal of the appeal of the contempt order in *In re Brockington*, while not incorrect, was unnecessary as M. R. Civ. P. 58(e) provides an alternate method of managing appeals that are premature because attorney fees and costs have not been determined.  We note that, unlike the present case, neither party in *In re Brockington* relied on M. R. Civ. P. 58(e); there, the appellee argued in his response brief that the appeal of the contempt order was improper as the District Court's order was not a final order pursuant to M. R. App. P. 4(1)(a), and the appellant did not file a reply brief.    Thus,   as   the   contempt   order   was   not   a   final   order   as   provided   in M. R. App. P. 4(1)(a), we dismissed the appeal without prejudice.

¶12    However, in this case, Cattaneo admits that her appeal may be considered premature and thus should be treated as filed once the District Court issues its ruling on Weigand's attorney fees and costs, and Weigand offers no argument as to why dismissal should be the preferable   option.    We   have   applied   M.   R.   Civ.   P.   58(e)   in   other   cases,

e.g., *Lincoln Props., LLC, v. Amer. Equity Exch., Inc.*, No. DA 20-0116, Order (Mont. July 14, 2020). We believe it is appropriate to do so here.

¶13 Cattaneo has further asked this Court to impose sanctions against Weigand for filing this motion to dismiss despite the existence of M. R. Civ. P. 58(e). Under M. R. App. P. 19(5), this Court may award sanctions to the prevailing party on a motion to dismiss if the motion is determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. We do not find sanctions to be warranted in the present case. Although he has not prevailed, Weigand reasonably relied on *In re Brockington* in moving to dismiss this appeal.

## ORDER

¶14 Weigand's Motion to Dismiss this appeal is DENIED.

¶15 Weigand's Motion for Sanctions is DENIED.

¶16 Cattaneo's Motion for Attorney Fees and Costs is DENIED.

¶17 Pursuant to M. R. Civ. P. 58(e), the District Court retains jurisdiction to determine Weigand's attorney fees and costs associated with his Motion for Contempt and for Sanctions.

¶18 Cattaneo's Notice of Appeal will be treated as filed on the date on which the District Court enters its order determining the amount of attorney fees and costs awarded.

¶19 Cattaneo shall notify this Court within 10 days of the District Court's entry of its order determining attorney fees and costs. Failure to provide such notification may result in dismissal of this appeal.

¶20 The Clerk of this Court is directed to provide copies of this Order to all counsel of record, to the Clerk of Court for Park County, and to the Honorable Brenda R. Gilbert, Presiding.

DATED this 18th day of May, 2021.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON