

FILED

06/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0195

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0195

IN RE THE MARRIAGE OF:

TIFFANEY GRIGG,

      Petitioner and Appellee,

and

PETER GRIGG,

      Respondent and Appellant.

FILED

JUN 0 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Through counsel, Appellee Tiffaney Grigg (Tiffaney) moves this Court to dismiss this appeal because the order on appeal is not a final judgment as it lacks the District Court's determination of attorney fees and costs. Self-represented Appellant Peter Grigg (Peter) responds in opposition.

Tiffaney points out that Peter's appeal does not comply with the Montana Rules of Appellate Procedure. Tiffaney explains that Peter's appeal of an April 14, 2021 Order Adopting Recommended Decree and Setting Attorney's Fees, issued in the Nineteenth Judicial District Court, Lincoln County, is not a final judgment for purposes of appeal because the District Court has not entered its decision on attorney fees and costs. Relying on M. R. App. P. 4(1)(a) and *In Re the Marriage of Brockington*, 2017 MT 92, ¶ 20, 387 Mont. 260, 400 P.3d 205, Tiffaney moves for dismissal without prejudice.

Peter responds that this appeal should proceed. He states: "The Final Order was issued contemporaneously with Findings of Fact, etc." Peter then proceeds to list his arguments on appeal.

Recently, we noted in *In re Weigand*, 2021 MT 128, ¶ 11, 404 Mont. 223, ___ P.3d ___, that *Brockington* failed to take into account M. R. Civ. P. 58(e). Rule 58(e) provides:

A judgment, even though entered, is not considered final for purposes of appeal under Rule 4(1)(a), M. R. App. P., until any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, is made. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal. A notice of appeal filed before the disposition of any such motions shall be treated as filed on the date of such entry.

Under Rule 58(e) and *In re Weigand*, Peter's appeal, while premature, is not subject to dismissal. Rather, Peter's notice of appeal shall be held in abeyance and shall be treated as filed on the date of entry of the District Court's determination of attorney fees and costs. Therefore,

IT IS ORDERED that Tiffaney's Motion to Dismiss is DENIED.

Pursuant to M. R. Civ. P. 58(e), the District Court retains jurisdiction to determine attorney fees and costs.

Peter's Notice of Appeal will be treated as filed on the date on which the District Court enters its order determining the amount of attorney fees and costs awarded.

Peter and the Clerk of the District Court shall notify this Court within 14 days of the District Court's entry of its order determining attorney fees and costs. Failure on Peter's part to provide such notification may result in dismissal of this appeal.

The Clerk also is directed to provide a copy of this Order to counsel of record; to the Honorable Matthew J. Cuffe, Nineteenth Judicial District Court; to Tricia Brooks, Clerk of District Court, Lincoln County, under Cause No. DR-20-79, and to Peter Grigg personally.

DATED this 2nd day of June, 2021.

_____

_____

_____

_____

_____
Justices