

FILED

01/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0304

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0304

FILED

JAN 2 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DONNES, INC., a Montana Corporation,

Plaintiff and Appellant,

v.

FOUR BEERS, INC., a Montana Corporation,
d/b/a STILLWATER EXCAVATING,

Defendant and Appellee.

ORDER

Plaintiff and Appellant Donnes, Inc., appeals the Twenty-Second Judicial District Court's May 21, 2021 Findings of Fact, Conclusions of Law, and Judgment in favor of Defendant and Appellee Four Beers, Inc., (Stillwater Excavating). The District Court ordered in part that Stillwater Excavating was entitled to an award of attorney fees under § 28-2-2105, MCA. On June 9, 2021, after defense counsel filed an affidavit for the total amount of fees claimed, Donnes moved the court to amend its findings under M. R. Civ. P. 52(b) and to amend the judgment under M. R. Civ. P. 59(e), on the ground that the award of attorney fees was improper. Twelve days later, Donnes filed its notice of appeal to this Court. The District Court denied Donnes's post-judgment motions on June 26, 2021, for lack of jurisdiction because of the appeal.

The parties have fully briefed the appeal in this Court, and on January 5, 2022, we ordered it submitted on the briefs to a five-justice panel. On review of the record, we conclude that the appeal is not properly before the Court at this time.

An appeal may be taken from a final judgment, including any necessary determination of the amount of costs and attorney fees awarded. M. R. App. P. 4(1)(a). Rule 58(e), M. R. Civ. P., states:

> A judgment, even though entered, is not considered final for purposes of
> appeal under Rule 4.1(a), M. R. App. P., until any necessary determination

of costs and attorney fees awarded, or sanctions imposed, is made. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal.

Prior to January 1, 2022, the rule added, "A notice of appeal filed before the disposition of any such motions shall be treated as filed on the date of such entry." Effective January 1, 2022, we amended Rule 58(e) to remove that sentence and amended the Rules of Appellate Procedure to clarify any remaining ambiguity:

A notice of appeal filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded or sanctions imposed, may be dismissed sua sponte and shall be dismissed upon the motion of any party. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal, in accordance with Rule 58(e), M. R. Civ. P.

M. R. App. P. 4(5)(a)(iii). On the basis of the former M. R. Civ. P. 58(e), we determined in *In re Weigand*, 2021 MT 128, 404 Mont. 223, 486 P.3d 1272, not to dismiss an appeal taken before a final order on fees but to treat the notice of appeal as filed on the date on which the district court entered its order determining the amount of attorney fees and costs awarded. Because Donnes's appeal was taken before the rule amendments took effect, we apply *In re Weigand* here.

Even under that analysis, however, Donnes's appeal is premature because its motions challenging the court's award of attorney fees were still pending in the District Court when the appeal was taken, and that court has made no order on the amount of a fee award, if any is finally made. The District Court must resolve the issue of attorney fees before we can decide this case. As noted in *Weigand*, the District Court retains jurisdiction to decide Donnes's motions regarding attorney fees, despite Donnes's premature appeal. Stillwater Excavating has not moved for dismissal of Donnes's appeal, and we conclude that the applicable version of the rules counsels holding the matter in abeyance until the final order is entered.

2

IT IS THEREFORE ORDERED that this case is remanded to the District Court to consider and rule on Plaintiff's Rule 52(b) Motion to Amend or Make Additional Findings and Rule 59(e) Motion to Amend Judgment.

IT IS FURTHER ORDERED that this appeal shall be held in abeyance pending issuance of the District Court's final ruling on the issue of attorney fees.

IT IS FURTHER ORDERED that Donnes shall notify this Court within 10 days of the District Court's entry of its order on Donnes's pending motions. Failure to provide such notification may result in dismissal of this appeal. Upon notice of the ruling, the Court will deem the matter submitted.

The Clerk is directed to provide copies of this order to all counsel of record, to the Clerk of Court for Stillwater County, and to the Hon. Matthew J. Wald, presiding.

DATED this 28th day of January, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices