FILED

03/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0114

DA 23-0114

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2023 MT 48

IN RE THE MATTER OF THE ESTATE OF:

C. PATRICIA FIELD,

    Deceased.

SCOTT FIELD,

      Appellant,

  v.

ESTATE OF C. PATRICIA FIELD
and GREG FIELD,

      Appellees and Cross-Appellants.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. DDP-2020-04
Honorable Christopher D. Abbott, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael L. Rausch, Brian P. Thompson, Browning, Kaleczyc, Berry
          & Hoven, P.C., Great Falls, Montana

      For Cross-Appellant Patricia F. Grosfield:

          Norman H. Grosfield, Grosfield Law Firm, Helena, Montana

      For Appellee Chris Field:

          Amos Rogers Little, III, Attorney at Law, Helena, Montana

For Appellee Greg Field:

Kelby R. Fisher, Attorney at Law, Helena, Montana

_____

Decided:  March 21, 2023

Filed:

_____
                    Clerk

Justice Laurie McKinnon delivered the Opinion and Order of the Court.

¶1 Appellee and Cross-Appellant Chris Field, the Personal Representative of the Estate of C. Patricia Field (Estate), moves to dismiss this appeal because he alleges Appellant Scott Field (Scott) failed to file a timely Notice of Appeal. Scott opposes the Estate's motion, arguing his Notice of Appeal was timely under M. R. App. P. 4(5)(a).

¶2 In the underlying litigation, the District Court issued an Order on Motions on December 2, 2022, that granted partial summary judgment in favor of the Estate and further granted the Estate's Application for Distribution of Personal Property. Under M. R. App. P. 6(4), certain orders in estate matters are considered final and must be appealed immediately. The parties to this appeal agree that the December 2, 2022 Order on Motions falls within Rule 6(4) and is immediately appealable.

¶3 Under M. R. App. P. 4(5)(a)(i), a notice of appeal must be filed within 30 days from the date of entry of the judgment or order from which the appeal is taken. However, Scott filed his Notice of Appeal of the Order on Motions 75 days later, on February 15, 2023. The Estate argues that Scott's notice was untimely filed and this appeal must therefore be dismissed.

¶4 Scott argues that his appeal was timely filed because the Estate moved for attorney fees on December 16, 2022, but did not issue a notice of entry of judgment under M. R. Civ. P. 77(d), and therefore the time to file an appeal of the Order on Motions did not begin to run until the motion for attorney fees was deemed denied on February 15, 2023. Scott relies on *Estate of Earl M. Pruyn v. Axmen Propane, Inc.*, 2008 MT 329, 346 Mont. 162, 194 P.3d 650. In that case, the district court entered summary judgment in

3

favor of Axmen on June 27, 2008, but neither party served notice of entry of judgment pursuant to M. R. Civ. P. 77(d). The Estate of Pruyn (Pruyn) filed a notice of appeal in this Court on July 25, 2008. *Estate of Pruyn*, ¶ 1. After Pruyn filed the notice of appeal, Axmen moved for an award of attorney fees and costs in the district court and it further moved to dismiss Pruyn's appeal as premature. *Estate of Pruyn*, ¶ 2. Consistent with prior case law, we treated Axmen's motion for an award of attorney fees as a motion to alter or amend the judgment pursuant to M. R. Civ. P. 59(g) because it was filed after entry of judgment. *Estate of Pruyn*, ¶ 5. Noting that Rule 59(g) provided that a motion to alter or amend the judgment is timely if served within 10 days after the service of notice of entry of judgment, we determined that the time period had not yet begun to run and Axmen's district court motion for attorney fees was therefore timely because neither party had served notice of entry of judgment pursuant to Rule 77(d). *Estate of Pruyn*, ¶ 7.

¶5     Thus under Scott's reasoning, when the Estate moved for attorney fees on December 16, 2022, this was treated as a motion to alter or amend the judgment pursuant to Rule 59; furthermore, neither party served notice of entry of judgment pursuant to Rule 77(d). Therefore, by operation of law, the Estate's motion for attorney fees was deemed denied 60 days from its filing date when the District Court did not rule upon the motion by February 14, 2023.

¶6     The Estate argues that *Estate of Pruyn* is distinguishable because it involved an appeal from a final order under M. R. App. P. 6(1) whereas this case is an appealable order in an estate case under M. R. App. P. 6(4), which means the Order on Motions is "considered final and must be appealed immediately." The Estate argues that its motion

4

for attorney fees was not a motion to alter or amend judgment under M. R. Civ. P. 59, but rather was a motion for attorney fees filed in accordance with M. R. Civ. P. 54(d)(2).

¶7    It appears Scott overlooked that *Estate of Pruyn* was decided under a previous version of Rules 54 and 59. At that time, the attorney fee provision that is now in Rule 54(d)(2) did not exist. In *In re Marriage of McDonald*, 183 Mont. 312, 314-15, 599 P.2d 356, 358 (1979), and subsequent cases, we held that Rule 59(g), which provided in part that a motion to alter or amend the judgment shall be served not later than 10 days after the service of the notice of the entry of judgment, applies to petitions for costs and attorney fees filed after entry of judgment. We applied this principle in *Estate of Pruyn* when we decided that case in October 2008.

¶8    However, in March 2010, the Advisory Commission on Rules of Civil and Appellate Procedure proposed an overhaul of the Montana Rules of Civil Procedure in line with revisions that had been made to the Federal Rules of Civil Procedure. Among the proposed revisions was the addition of Rule 54(d)(2)—a procedure for requesting attorney fees via motion—that incorporated the federal provisions for attorney fees into the Montana Rules. This revision was included in the package of revisions adopted by this Court. *In the Matter of the Montana Rules of Civil Procedure*, No. AF 07-0157, Order (Mont. Apr. 26, 2011). Thus, the case law that deemed a motion for an award of attorney fees filed after entry of judgment as a motion to alter or amend the judgment has been superseded by subsequent amendments to the Montana Rules of Civil Procedure.

¶9    The question in the present case then becomes whether Scott was required to appeal the District Court's Order on Motions within 30 days of its entry or whether he needed to

5

await the court's disposition of the Estate's motion for attorney fees. M. R. App. P. 4(5)(a)(iii) provides in part that a notice of appeal is premature if it is filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded. However, the Estate points out that appeals proceeding under M. R. App. P. 6(4) need not be reduced to a "final judgment" as defined by M. R. App. P. 4(1)(a), and Rule 4(1)(a) provides that a final judgment includes "any necessary determination of the amount of costs and attorney fees awarded[.]" It further points out that M. R. App. P. 4(5)(a)(i) provides that a notice of appeal shall be filed within 30 days from the date of entry of the judgment *or order* from which the appeal is taken, and argues that this gave Scott 30 days from December 2, 2022, in which to file his Notice of Appeal. (Emphasis the Estate's.) The Estate alleges that a request for attorney fees is irrelevant to when the time begins to run to appeal an order subject to M. R. App. P. 6(4) as this provision only applies to final judgments subject to review on appeal pursuant to M. R. App. P. 6(1).

¶10    However, M. R. App. P. 6(3) also provides that certain types of orders may also be appealed prior to a final judgment so long as the order is the court's final decision on the referenced matter. In *In re Marriage of Weigand*, 2021 MT 128, 404 Mont. 223, 486 P.3d 1272, Appellant Cattaneo appealed from a district court order under M. R. App. P. 6(3)(j), which provides that a party may appeal from a contempt order or judgment in a family law proceeding that meets certain criteria even when that order is not a "final judgment" as defined by M. R. App. P. 4(1)(a). Appellee Weigand moved to dismiss the appeal, arguing that the order at issue was not appealable under M. R. App. P. 6(3) because the issue of attorney fees and costs remained unsettled and thus it was not "the court's final decision

6

on the referenced matter" as the Rule requires. *Marriage of Weigand*, ¶ 8. We denied the motion to dismiss because at that time, M. R. Civ. P. 58(e) provided, in part, that a notice of appeal prematurely filed before the disposition of a motion for attorney fees or costs would be treated as filed on the date upon which the trial court ruled upon the motion for attorney fees or costs. *Marriage of Weigand*, ¶ 12. In other words, we recognized that Cattaneo's appeal of an order under M. R. App. P. 6(3) was prematurely filed because the trial court had not yet disposed of the related motion for attorney fees and costs. Thus, in this case, it would be inconsistent with our reasoning in *Marriage of Weigand* to conclude that Scott's motion was untimely because he waited to appeal due to a pending motion for attorney fees and costs.

¶11 We are further cognizant of the fact that Scott's belief that the motion for attorney fees and costs has been deemed denied may be incorrect as it is not a motion to alter or amend judgment under M. R. Civ. P. 59(e) and the motion may in fact remain pending ruling in the District Court. M. R. App. P. 4(5)(a)(iii) provides:

> A notice of appeal filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, may be dismissed sua sponte and shall be dismissed upon the motion of any party. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal, in accordance with Rule 58(e), M. R. Civ. P.

¶12 This Court frequently exercises its discretion and dismisses premature appeals sua sponte under this Rule. However, we decline to do so in the present case where the status of the District Court motion is uncertain and where delaying the resolution of this matter on appeal would run counter to the purpose in designating these types of orders

7

immediately appealable in estate matters.  Should it be necessary to delay disposition of this appeal until such ruling is made in the District Court, the parties may bring that to our attention as necessary.

¶13    IT IS THEREFORE ORDERED that the motion to dismiss is DENIED.

DATED this 21st day of March, 2023.


/S/ LAURIE McKINNON


We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE