**ORIGINAL**


**FILED**

08/01/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0401

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0401

IN RE THE MARRIAGE OF:

BENJAMIN ANDERSON,

Petitioner and Appellee,

and

KRISTIN COOPER, f/k/a KRISTIN ANDERSON,

Respondent and Appellant.

**FILED**

AUG 0 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

This matter comes before the Court on the amended petition of Kristen Mull Core, counsel for Kristin Cooper, f/k/a Kristin Anderson, for leave to file an out-of-time appeal on Cooper's behalf, pursuant to M. R. App. P. 4(6).[1]

Although Core asks this Court to grant an out-of-time appeal, she further admits that the appeal, if allowed, may then be prematurely filed because the District Court has not entered its rulings on costs and attorney fees, which has been set for hearing in the District Court on August 21, 2023, and the court has further not ruled on a pending motion to strike. Core argues that this Court should nonetheless allow her to file an appeal because she argues the situation is akin to *In re Weigand*, 2021 MT 128, 404 Mont. 223, 486 P.3d 1272, in which we denied the appellee's motion to dismiss a premature appeal because M. R. Civ. P. 58(e) provided an exception that allowed us to treat the notice of appeal as filed on the date of the entry of the subsequent district court order resolving the remaining issues.

Core's argument fails for two reasons. First, *In re Weigand* is procedurally distinct as it involved a motion to dismiss an already-filed appeal—not a request for leave to file an "out-of-time" appeal that is not, in fact, untimely. Second, Rule 58(e) was revised, effective January 1, 2022. *In the Matter of the Montana Rules of Civil Procedure*, No. AF 07-0157, Order (Mont. Oct. 12, 2021). M. R. App. P. 4(5)(a) now provides:

---

[1] Benjamin Anderson, petitioner in the underlying case, has responded via counsel in opposition to this petition.

(iii) A notice of appeal filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, may be dismissed sua sponte and shall be dismissed upon the motion of any party. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal, in accordance with Rule 58(e), M. R. Civ. P.

*In the Matter of the Montana Rules of Appellate Procedure*, No. AF 07-0016, Order (Mont. Oct. 12, 2021). These revisions were implemented in part to eliminate the administrative difficulties posed by placing premature appeals in a suspended status and to more clearly advise litigating parties as to the disposition of prematurely filed appeals. *In the Matter of the Montana Rules of Civil Procedure*, No. AF 07-0157, Order (Mont. Aug. 4, 2021); *In the Matter of the Montana Rules of Appellate Procedure*, No. AF 07-0016, Order (Mont. Aug. 4, 2021).

We therefore decline to grant leave in this case.

IT IS THEREFORE ORDERED that this petition is DENIED and DISMISSED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 1st day of August, 2023.

Justices